### MAGILTON *et al. v.* HOLBERT *et al.*

*(Supreme Court, General Term, Third Department.* May 27, 1889.)

RIGHTS OF JUNIOR MORTGAGEE.

> Where a second mortgagee, in order to protect his mortgage, pays the interest and costs of foreclosure on the prior mortgage, he may "tack" the amounts thus paid to his own mortgage, if there be no intervening equity; but he is not entitled to an assignment of any share of the prior mortgage.

Appeal from special term, Greene county.

Defendant Mary Holbert executed a bond and mortgage to plaintiffs. Afterwards defendant Margaret Brown became the owner of the mortgaged premises, and executed the two mortgages to the plaintiffs,—one to defendant Lampman, and the other to defendant Werner. Afterwards, the defendants having failed to pay an installment of interest, the plaintiffs commenced this action to foreclose their mortgage for the non-payment of such interest. After repeated extensions of time by the plaintiffs' attorneys to the defendants, the defendants Lampman and Werner moved at special term for an order directing the plaintiffs to assign over their bond and mortgage to them, (defendants Lampman and Werner; the principal of which would not be due in over two years.) This the court denied, but as a part of the order on that motion the court "ordered and directed that the plaintiffs in this action execute an assignment of so much or such amount of their said mortgage and the accompanying bond to the defendants Lampman and Werner as they seek in this action to enforce or collect," etc. "And that the plaintiffs or their attorneys sign a consent, substituting and subrogating said Lampman and Werner as plaintiffs in said action, to the end that they may prosecute the same if they so elect; and that the plaintiffs be forever enjoined," etc., "from prosecuting this action." From this part of that order the plaintiffs appeal.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*J. A. Griswold,* for appellants.  *J. I. & F. Werner,* for respondents.

PER CURIAM. When the second mortgagee pays the interest of the first mortgage in order to protect his own security, we suppose he may "tack" the amount thus paid to his own mortgage, whenever he forecloses, if there be no intervening equity. So, probably, he may do as to any costs of the foreclosure of the first mortgage necessarily paid by him. But he is not entitled to have an assignment of any share of the first mortgage; because, if he were thus to become an owner in common with the first mortgagee, the security of the first mortgagee would be diminished. The rights of the second mortgagee will be sufficiently protected, whenever he shall be compelled to foreclose his own mortgage, by proof that he has necessarily paid these moneys to protect his security. The part of the order appealed from is reversed, with $10 costs and printing disbursements.